Rosa **ALVAREZ–PUMAREJO, pro se and in legal representation of Rosangely Sanjurjo–Alvarez and Roxanna Sanjurjo–Alvarez, both of whom are her underage daughters, Plaintiffs,**

v.

**MUNICIPALITY OF SAN JUAN, a municipal corporation of the Commonwealth of Puerto Rico; Admiral Insurance Co.; John & Jane Doe, d/b/a/ Centro Medico of Rio Piedras; San Martin Meat Market Inc.; X Insurance Company, Defendants.**

Civil No. 95–1375 (JAF).

United States District Court,
D. Puerto Rico.

Aug. 15, 1997.

Ricardo Ruiz–Diaz, Carolina, PR, for Plaintiffs.

Gloria M. De Corral–Hernandez, De Corral & De Mier, San Juan, PR, for Municipality of San Juan & Admiral Ins. Co.

Alfredo Fernandez–Martinez, San Juan, PR, for San Martin Meat Market & its Ins. Co.

## OPINION AND ORDER

FUSTE, District Judge.

Plaintiffs, Rosa Alvarez–Pumarejo and her daughters, Rosangely Sanjurjo–Alvarez and Roxanna Sanjurjo–Alvarez, sue for damages resulting from the accident and succeeding death of Ms. Alvarez–Pumarejo's husband, Julio Sanjurjo–Cruz, under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd (1988 & Supp. V. 1993). Defendants Municipality of San Juan and Admiral Insurance Company move for summary judgment.

The standard for summary judgment is straightforward and well-established: A district court should grant a motion for summary judgment "if the pleadings, depositions, and answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), and "genuine", "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the nonexistence of a "genuine" issue as to a material fact is on the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 331, 106 S.Ct. 2548, 2556–57, 91 L.Ed.2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

■ EMTALA has two key provisions: 1) hospitals must provide appropriate screening to emergency room patients, and 2) hospitals must provide the services necessary to stabilize the patient's condition before release. *Correa v. Hospital San Francisco,* 69 F.3d 1184, 1190 (1st Cir.1995). To establish an EMTALA violation, the plaintiff must show that 1) the hospital is covered by EMTALA; 2) the patient arrived at the hospital seeking treatment, and 3) either the hospital did not properly screen the patient or the hospital sent the patient away before stabilizing the problem. *Id.*

■ Defendants do not challenge the presence of the first two elements of the test. First, defendants argue that EMTALA restricts recovery to the patient. The statutory language bears out this interpretation. 42 U.S.C. § 1395dd. However, defendants ignore that the heirs of a patient inherit his cause of action. EMTALA allows state law to govern in this regard. *Correa,* 69 F.3d at 1196. Under Section 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141, the right to a claim is not extinguished by death, but passes to the heirs of the injured party. *See*

*Vda. De Delgado v. Boston Ins. Co.*, 101 D.P.R. 598, 599–600 (1973). The First Circuit confirmed this interpretation in *Correa:* "[w]hen death results, this reading would naturally extend the statutory perspective to individuals who are eligible to bring survivors' actions under local law." *Id.* In *Correa,* the First Circuit confirmed that Puerto Rico law permits close relatives to bring EMTALA suits. *Correa,* 69 F.3d at 1197.

■ Second, defendants argue that Mr. Sanjurjo–Cruz' condition was not severe enough to be covered by EMTALA. However, defendants' allegations of Mr. Sanjurjo–Cruz' condition are carefully controverted by the plaintiffs' recounting of events and expert medical analysis. Material facts at issue include the physical condition of Mr. Sanjurjo–Cruz and whether it constituted a severe condition as required by EMTALA, and whether the treatment of Mr. Sanjurjo–Cruz appropriately stabilized him or whether it was negligent. Summary judgment exists to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Medicine,* 976 F.2d 791, 794 (1st Cir.1992). Here, defendants have failed to demonstrate that the only questions before this court are ones of law. The plaintiffs have demonstrated the existence of legitimate material facts, and we, thus, **DENY** the motion for summary judgment.

This Order disposes of *Docket Documents Nos. 32 & 36.*

**IT IS SO ORDERED.**